FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff,

v.

Robert F. KEATING, Ellen N. Keating, Eugene F. Loro and Ruth E. Loro Trust, Ronald D. Mercaldo, Barbara R. Mercaldo, Delores M. O'Gorman, Rae Pyper and John N. Sakellariadis, Defendants.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff,

v.

Ian BROWN, Defendant.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff,

v.

Albert H. STONE and Cynthia A. Stone, Defendants.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff,

v.

Joseph A. HENDRICH, Defendant.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff,

v.

Reva Butler HOFMANN, Defendant.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff,

v.

Warren CHISUM, Defendant.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff,

v.

SMITH & LEANY PARTNERSHIP, Don Smith and Lynn Leany, Defendants.

FIREMEN'S INSURANCE COMPANY
OF NEWARK, NEW JERSEY,
Plaintiff,

v.

Joel C. ALSAKER, Bruce Babcock, Jr., Kenneth G. Braun, Paul F. Depond, Carolina A. Depond, Hassan Fakouraghai, Karen L. Fakouraghai, Robert I. Lewy, Henry K. Lui, John E. Metzger, R. Hamilton Morrison, Patricia Sipl a/k/a Patricia Sipl–Gannon, William J. Gannon, David C. Smith Family Trust, David E. Sponsler, Stanford Builders Supply, Inc., Don R. Wangberg and Bonnie J. Wangberg, Defendants.

FIREMEN'S INSURANCE COMPANY
OF NEWARK, NEW JERSEY,
Plaintiff,

v.

Edward L. CAHILL, Edward L. Carter, Linda S. Carter, George Chimples, Carl Forsyth, Velma Forsyth, Marc S. Hermelin, Linda Hermelin, David H. Jaffe, Aram H. Keith, Edward S. Kraemer, Richard L. Monteith, Charlotte B. Monteith, Gary S. Nachman, Victor A. Nix, Jr., Ken O'Gorman, Jr., Floyd Stuart Reid, Lawrence S. Rich, William J. Sahl, Mayer A. Sarfan, Sidney M. Seltzer, George W. White and J.P. Wilson, Defendants.

Nos. 90 Civ. 1076 (PKL), 90 Civ. 1676 (PKL), 90 Civ. 1677 (PKL), 90 Civ. 1678 (PKL), 90 Civ. 1753 (PKL), 90 Civ. 1754 (PKL), 90 Civ. 1809 (PKL), 90 Civ. 6164 (PKL) and 90 Civ. 6288 (PKL).

United States District Court,
S.D. New York.

Dec. 13, 1990.

Hart & Hume, New York City (Mark S. Gamell, of counsel), for plaintiff.

Beigel & Sandler, New York City (Patricia C. Hayashi, of counsel), and Barry H. Hart, Ltd., Phoenix, Ariz. (Barry H. Hart, of counsel), and Kelly & Roth, New York City (William H. Roth, of counsel), for defendants.

## ORDER AND OPINION

LEISURE, District Judge:

These nine related actions arise from purchases by defendants of investments in a limited partnership. All defendants (the "defendants") have now moved to dismiss these actions for failure of plaintiff Firemen's Insurance Company of Newark, New Jersey ("plaintiff" or "Firemen's"), to comply with the venue provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Those defendants represented by the law firm of Barry Hart, Esq., (the "Hart defendants"), have further moved for dismissal of the actions in which they are defendants (the "Hart actions") on the additional ground of *forum non conveniens,* or, in the alternative, for a stay of the Hart actions pending resolution of an Arizona state court action. Plaintiff has cross-moved, pursuant to Federal Rule of Civil Procedure 42(a), for consolidation of these actions for pretrial purposes only.

## BACKGROUND

On November 18, 1985, the promoters of CSH–I Hotel Limited Partnership (the "Partnership"), a Texas limited partnership, began an offering of $20,000,000 in limited partnership interests in the Partnership. Investors could purchase units in the Partnership either with a single cash payment, or by making a small cash down payment and executing an installment promissory note. In cases in which the latter method of payment was employed, a surety bond would be issued, guaranteeing, in effect, the payments due under the note. The investor was then required to execute an "Indemnification and Pledge Agreement" ("Indemnification Agreement") in favor of the surety.

When the offering failed to sell a sufficient number of partnership units, the promoters arranged to borrow approximately $19,360,000 from Contitrade Services Corporation ("Contitrade"). This amount was

required to close escrow on certain hotel properties throughout the United States that the promoters were obligated to purchase. The promoters and Contitrade then arranged for plaintiff to provide the necessary surety bonds, the loan from Contitrade to the Partnership collateralized by the investors' promissory notes, which were assigned to Contitrade, and by plaintiff's accompanying surety bonds, in which Contitrade was named the obligee.

Between January and May 1986, the defendants in these actions purchased units of the Partnership. These investments were purchased using the installment method, and thus each defendant executed a promissory note in favor of the Partnership, an Indemnification Agreement in favor of plaintiff,[1] and plaintiff issued a surety bond on behalf of each defendant. After Contitrade was assigned the Partnership's rights under the notes, Contitrade in turn assigned both the notes and plaintiff's surety bonds to Manufacturer's Hanover Trust Company ("MHT"), as agent for Massachusetts Mutual Life Insurance Company.

The Partnership filed for bankruptcy in June 1989, and defendants have refused to make further payments on the notes, alleging that their investments in the Partnership were induced by misrepresentation and fraud.[2] Consequently, defendants are now in default on those notes, and MHT has demanded payment from plaintiff pursuant to plaintiff's surety bonds. Defendants, however, have refused to make payments to plaintiff pursuant to the Indemnification Agreements, asserting that those agreements, like the notes, are void and

unenforceable as a matter of law. Plaintiff thus commenced the instant actions, seeking to compel defendants to comply with the terms of the Indemnification Agreements.

Defendants have now moved to dismiss these actions, asserting that the venue provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), require that plaintiff bring suit against these defendants in courts other than the United States District Court for the Southern District of New York. The Hart defendants have separately moved for dismissal of the Hart actions on the ground of *forum non conveniens*, or, in the alternative, for a stay of the Hart actions pending resolution of the *Pyper* action pending in Arizona.

## DISCUSSION

### I. Plaintiff's Cross-motion to Consolidate

■ The Court shall first address plaintiff's cross-motion to consolidate these actions for pretrial purposes. Federal Rule of Civil Procedure 42(a) provides that

[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a) "empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid

---

1. The Indemnification Agreement contained a "cash collateral clause," pursuant to which each defendant agreed to post cash collateral with plaintiff in the amount of any unpaid note obligations—both past and future—if he or she should default on any payment of principle or interest due under his or her note.

2. Two actions have been commenced by various investors in the Partnership against the promoters and others involved in creating the Partnership, *Rawlings v. Prudential–Bache Properties, Inc.,* (No. 90 CV 70958DT, E.D.Mich.), and *Pyper v. CSH–Multi Hotel Limited Partnership,* (No. CV 89–11528, Maricopa County Superior Court,

State of Arizona). As Mr. Rawlings has reached a settlement with Firemen's in his action, Firemen's is no longer a defendant in that case, and thus the motion of certain defendants in the cases at bar to transfer these actions to the Eastern District of Michigan has been withdrawn. In *Pyper,* Firemen's was not named as a defendant in the original complaint. The plaintiffs in *Pyper,* many of whom are Hart defendants in the case at bar, have moved to amend their complaint, for the fourth time, to include Firemen's as a defendant. There is no indication, however, that the Arizona court has granted that motion to amend.

unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *see also Katz v. Realty Equities Corporation of New York*, 521 F.2d 1354, 1358 (2d Cir.1975). This rule also permits the consolidation of actions at the pretrial stage. *See Katz, supra*, 521 F.2d at 1359 (affirming district court's consolidation of complaint for pretrial purposes only); 9 Wright & Miller, *Federal Practice and Procedure* § 2382 at 257 (1971) ("Consolidation of actions in the pretrial stage will, under many circumstances, be a desirable administrative technique and is within the power of the court.") (citing *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir.1958)).

 In deciding the appropriateness of consolidation, the Court must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation. *Johnson, supra*, 899 F.2d at 1284–85; *Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 532 (S.D.N.Y.1987). In the cases at bar, it is clear that the issues of fact and law relating to plaintiff's claims and defendants' defenses are substantially identical. In each case, for example, plaintiff's claims are based on identical Indemnification Agreements and identical legal principles. Defendants have made no showing that delay, confusion or prejudice would result from the requested consolidation, and to the extent such problems become manifest at a later date, if ever, they may be rectified by the Court at such time. Accordingly, plaintiff's motion to consolidate these actions, for pretrial purposes only, is granted.

## II. Fair Debt Collection Practices Act

 Defendants have moved to dismiss the instant actions on the ground that plaintiff has not complied with the venue provisions of the FDCPA. Section 1692i of 15 U.S.C. provides, in relevant part:

(a) Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

Defendants argue that § 1692i(a)(2) applies to the actions brought by plaintiff, and thus these actions must be brought in the districts where the defendants reside or where the defendants entered into the Indemnification Agreements. Defendants' motion rests on an argument that, by serving as counsel to plaintiff in these actions, the law firm of Hart & Hume is acting as a "debt collector" within the meaning of the FDCPA. Defendants further argue that the obligations sued upon in these actions are "debts," as defined by the FDCPA. Noting that none of the defendants resides within the Southern District of New York, or entered into the Indemnification Agreements in this District, defendants conclude that § 1692i requires that these actions be brought elsewhere, and thus must be dismissed.

Plaintiff does not dispute defendants' contentions regarding the residence of defendants or the situs of the Indemnification Agreements. Rather, plaintiff argues that § 1692i as a whole is clearly inapplicable to the instant actions, because the law firm of Hart & Hume cannot be deemed to be a "debt collector," as that term is defined by the FDCPA. Plaintiff further argues that the obligations on which plaintiff is suing are not "debts" within the FDCPA's meaning. Plaintiff's arguments with respect to the meaning of the term "debt collector" are persuasive, and thus the FDCPA, and the venue provisions therein, do not control the cases at bar. Hence, defendants' motion to dismiss is denied.

The purpose of the FDCPA is "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices." S.Rep. No. 95–382, 95th Cong., 1st

Sess. 1, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1696. In recommending passage of the FDCPA, the Senate Committee on Banking, Housing, and Urban Affairs found that "debt collection abuse by third party debt collectors is a widespread and serious national problem. Collection abuse takes many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." S.Rep. No. 95-382, 95th Cong., 1st Sess. 2, *reprinted in* 1977 U.S.Code Cong. & Admin.News at 1696.

Section 1692a, which sets forth definitions of specialized terms used in the FDCPA, defines the term "debt collector," in pertinent part, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another...." [3] 15 U.S.C. § 1692a(6). Although the FDCPA, as originally enacted, specifically excluded attorneys from the definition of "debt collector," it was amended in 1986 to delete the attorney exemption. Pub.L. 99–361, 100 Stat. 768, 15 U.S.C. § 1692a(6). Defendants argue that this amendment was intended to expand the scope of the FDCPA to reach activity such as Hart & Hume's representation of plaintiff in the instant actions. Having fully considered the legislative history and purpose of the FDCPA, and of the 1986 FDCPA amendment, the Court must disagree.

In recommending passage of the FDCPA amendment, the House Committee on Banking, Finance, and Urban Affairs noted that as of 1985, approximately 5,000 attorneys were engaged in the business of debt collection, compared to approximately 4,500 "lay" debt collection firms. H.Rpt. 99–405, 99th Cong., 2d Sess. 2, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1752. The purpose of the amendment was thus to close a significant loophole, whereby attorneys engaging in traditional debt collection activities were able to avoid the FDCPA's precepts merely by virtue of the fact that they had, at some point, obtained a law degree. *See* H.Rpt. 99–405, 99th Cong., 2d Sess. 1–7, *reprinted in* 1986 U.S.Code Cong. & Admin.News at 1752–57. The purpose of removing the attorney exemption was not, however, to sweep within the scope of the term "debt collector" those attorneys acting in the role of legal counsel while representing clients. *See National Union Fire Insurance Company of Pittsburgh, Pennsylvania v. Schulman,* 1990 WL 116735, 1990 U.S.Dist. LEXIS 10409, at 3 (S.D.N.Y. August 8, 1990) (law firms representing plaintiff guarantor of notes executed by defendant investor in limited partnership are not "debt collectors" within meaning of FDCPA, "since they have engaged in activities only of a purely legal nature in seeking reimbursement for [plaintiff]"); *National Union Fire Insurance Company of Pittsburgh, Pennsylvania v. Hartel,* 741 F.Supp. 1139 (S.D.N.Y.1990) (same holding); 131 Cong.Rec. 33,584 (1985) (Rep. Annunzio, sponsor of the amendment, stating that "removal of the attorney exemption will not interfere with the practice of law by the Nation's attorneys. It will not prevent them from representing the interests of their clients."); [4]

**3.** The term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). The term "creditor" is defined by § 1692a(4) as including "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for

another." The FDCPA thus applies only to "third persons who regularly collect debts for others." S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S.Cong. & Admin. News at 1697.

**4.** "While the views of a sponsor of legislation are by no means conclusive, they are entitled to considerable weight...." *Carlin Communications, Inc. v. F.C.C.,* 749 F.2d 113, 116 n. 7 (2d Cir.1984).

Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed.Reg. 50,-097, 50,100 (1988) (Staff of Federal Trade Commission, the agency charged with administrative enforcement of the FDCPA, stating that "Attorneys or law firms that engage in traditional debt collection activities (sending dunning letters, making collection calls to consumers) are covered by the FDCPA, but those whose practice is limited to legal activities are not covered."); [5] 132 Cong.Rec. H 10,031 (1986) (following passage of the amendment of the FDCPA, Rep. Annunzio states that "[o]nly collection activities, not legal activities, are covered by the act.... The act applies to attorneys when they are collecting debts, not when they are performing tasks of a legal nature.... The act only regulates the conduct of debt collectors, it does not prevent creditors, through their attorneys, from pursuing any legal remedies available to them.").[6] Hart & Hume, in representing plaintiff in these actions, is thus not a "debt collector" within the meaning of the FDCPA.

*Crossley v. Lieberman,* 868 F.2d 566 (3d Cir.1989), cited by defendants, is inapposite to the cases at bar. In *Crossley,* the Court found Lieberman, an attorney, to be a "debt collector" as defined by the FDCPA, where Lieberman engaged in activity that was precisely of the nature Congress sought to control by enacting the FDCPA.[7] Therefore, unlike Hart & Hume in the present cases, Lieberman was not acting as legal counsel for a client, but rather was performing traditional debt collection services.[8]

5. It is well established that where a statute is silent or ambiguous with respect to an issue, "the court must defer to any reasonable construction of the statute by the implementing agency." *Withey v. Perales,* 920 F.2d 156, 158 (2d Cir.1990) (*citing Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984)); *see also Weeks v. Quinlan,* 838 F.2d 41, 43 (2d Cir.1988) ("It is a well-established principle of administrative law that due weight or deference should be accorded to an agency's interpretation of a statute that it is charged to administer.").

6. "Although 'post-passage remarks of legislators, however explicit, cannot serve to change the legislative intent of Congress expressed before the Act's passage,'" *Becton, Dickinson & Co. v. Food and Drug Administration,* 589 F.2d 1175, 1182 (2d Cir.1978) (quoting *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 132, 95 S.Ct. 335, 352–53, 42 L.Ed.2d 320 (1974)), such remarks have been considered of some relevance when made roughly contemporaneously to the enactment of the legislation. *See, e.g., Carlin Communications, supra,* 749 F.2d at 116–17 n. 8 (court considers remarks made six days after enactment). Here, the post-passage remarks of Rep. Annunzio were made three months after passage of the FDCPA amendment. Even if the Court were to ignore these remarks, it finds there is more than sufficient evidence from other sources supporting plaintiff's arguments with respect to the meaning of the term "debt collector."

7. Lieberman wrote the debtor in *Crossley,* Mary Crossley, a 68–year–old widow, the following letter, seeking payment of $297.79 she owed Fleet Consumers Discount Company:

Dear Sir or Madam:
The above matter has been referred to me for collection. I am obligated to demand immediate payment of the full amount of the plaintiff's damages and costs as stated above.
Unless I receive payment in full within one week from the date of this letter, I will be compelled to proceed with suit against you. This can result in the listing of your property, either Real Estate or Personalty, for forced Sale by the Sheriff, after appropriate legal proceedings have been concluded.
Such action will result in additional expense to you, for the Court fees and Sheriff's costs.
Full payment should be in my hands within one week. You may telephone me for additional information.

*Crossley, supra,* 868 F.2d at 567. Crossley had received no prior demand from Fleet. Upon receipt of the letter from Lieberman, she telephoned him. When she said she could not pay the entire bill, Lieberman responded that she should sell her house and become a "bag lady." Interpreting the letter as a threat to sell her home, Crossley panicked. She quit her part-time job as a noon-aid with the school board so she could cash in her modest pension contributions of approximately $800 in order to pay off the $297.79 debt. *Crossley, supra,* 868 F.2d at 567–68.

8. Likewise, *Concord Assets Finance Corp. v. Radebaugh,* Index Nos. 02922/90, 02917/90, 02925/90 (Sup.Ct.N.Y.Co.) (N.Y.L.J. Sept. 20, 1990, at 26, col. 2), cited by defendants, is not controlling. Although the state court found the law firm of Morgan, Lewis & Bockius to be a "debt collector" as defined by the FDCPA, it did so with virtually no discussion of the legislative history of the act.

Because the law firm of Hart & Hume cannot be deemed to be a "debt collector," as defined by the FDCPA, with respect to its representation of plaintiff in these actions, the FDCPA venue provisions are inapplicable. Accordingly, defendants' motion to dismiss these actions on the basis of those provisions must be, and is, denied.

### III. Forum Non Conveniens

The Hart defendants have separately moved for dismissal of the Hart actions on the ground of *forum non conveniens*. A motion to dismiss on *forum non conveniens* grounds rests in the sound discretion of the Court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266–67, 70 L.Ed.2d 419 (1981); *Borden Inc. v. Meiji Milk Products Co., Ltd.*, 919 F.2d 822, 827 (2d Cir.1990) (*citing Piper, supra*, 454 U.S. at 257, 102 S.Ct. at 266–67). Since the enactment of 28 U.S.C. § 1404(a), the courts have universally held that if the forum is found to be inconvenient, the remedy is transfer of the action, not dismissal. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Collins v. American Automobile Insurance Co.*, 230 F.2d 416 (2d Cir.1956); *Gazis v. John's S. Latsis (USA) Inc.*, 729 F.Supp. 979 (S.D.N.Y.1990). However, if the more convenient forum is a court to which transfer by the district court cannot be made, for instance a state court, the suit can be dismissed on *forum non conveniens* grounds. *See, e.g., Piper, supra.*

District courts are to review motions for *forum non conveniens* on a case-by-case basis. Consequently, the courts have refused to identify specific circumstances that would require either the granting or the denial of the remedy. No "rigid rule [has been established] to govern discretion, and ... '[e]ach case turns on its facts.'" *Piper, supra*, 454 U.S. at 249, 102 S.Ct. at 263 (quoting *Williams v. Green Bay & Western R.Co.*, 326 U.S. 549, 557, 66 S.Ct. 284, 288, 90 L.Ed. 311 (1946)). "If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would

lose much of the very flexibility that makes it so valuable." *Piper, supra*, 454 U.S. at 250, 102 S.Ct. at 263; *see also Nieves v. American Airlines*, 700 F.Supp. 769, 770–71 (S.D.N.Y.1988).

In general, "'a plaintiff's choice of forum should rarely be disturbed and the burden is on the defendant to establish that the action should be dismissed on the ground of forum non conveniens.'" *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 129 (2d Cir.1987) (per curiam) (quoting and affirming *Transunion Corp. v. PepsiCo, Inc.*, 640 F.Supp. 1211, 1215 (S.D.N.Y. 1986) (Weinfeld, J.)). The Hart defendants have failed by a wide margin to meet that burden.

In support of their motion to dismiss on *forum non conveniens* grounds, the Hart defendants argue that the pendency of the *Pyper* action in Arizona state court warrants dismissal of the Hart actions in this Court. The Hart defendants assert that all issues in the Hart actions can and should be heard by the *Pyper* court, in the form of counterclaims brought by plaintiff. Yet, to date, there is no evidence that plaintiff is actually a party to the *Pyper* action.[9] The Hart defendants further assert, in a conclusory manner, that dismissal of the Hart actions, in deference to the *Pyper* action, would be more convenient for them, would avoid the possibility of inconsistent rulings and a duplication of attorney time, and would result in a saving of judicial resources. Yet the Hart defendants reside in nine different states, and only five of them reside in Arizona, thus leaving considerable doubt as to that state's greater convenience. Furthermore, dismissal of the Hart actions would still leave before this Court the instant actions that do not involve the Hart defendants. Thus, dismissal of the Hart actions would not reduce the possibility of inconsistent rulings, nor would it result in the saving of attorney time or judicial resources. Indeed, the opposite might be the result.

9. It should be noted that even if plaintiff has, unbeknownst to this Court, been made a party to the *Pyper* action, that fact would not alter the Court's conclusion that the instant motion to dismiss on the grounds of *forum non conveniens* lacks merit and should be denied.

■ Moreover, each of the Indemnification Agreements signed by the Hart defendants contained a forum selection clause, pursuant to which the Hart defendants agreed not to do exactly what they are now doing: that is, argue that the United States District Court for the Southern District of New York is an inconvenient forum.[10] A forum selection clause " 'will be enforced unless it clearly can be shown that enforcement "would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." ' " *Karl Koch Erecting Co., Inc. v. New York Convention Center Development Corp.*, 838 F.2d 656, 659 (2d Cir.1988) (quoting *Bense v. Interstate Battery System of America*, 683 F.2d 718, 721–22 (2d Cir.1982) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972))); *cf. Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243–44, 101 L.Ed.2d 22 (1988) (in deciding motion to transfer venue, "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus."). The Hart defendants have failed to demonstrate why the clear provisions of the forum selection clause should not be enforced in the Hart actions. For that reason, and because the Hart defendants have not met their burden of showing why plaintiff's choice of forum should be disturbed, *Transunion Corp.*, *supra*, 811 F.2d at 129, the Hart defendants' motion to dismiss on the grounds of *forum non conveniens* is denied.

### IV. Stay of the Hart Actions

■ The Hart defendants have also moved, in the alternative, for a stay of the Hart actions pending final resolution of the *Pyper* action. It is axiomatic that " 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . .' " , *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910). Where, as here, a federal court properly has subject matter jurisdiction, the court has a "virtually unflagging obligation" to exercise that jurisdiction, even if an action concerning the same matter is pending before the state court. *Colorado River, supra*, 424 U.S. at 817, 96 S.Ct. at 1246; *see also Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir.1986). A district court may decline to exercise its jurisdiction, however, in "exceptional circumstances," based on " 'considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." ' " *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983) (quoting *Colorado River, supra*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952))); *see also Bethlehem Contracting, supra*, 800 F.2d at 327. As discussed in detail, *supra*, with respect to the Hart defendants *forum non conveniens* motion, considerations of convenience and efficiency do not weigh sufficiently—if at all—in favor of staying or dismissing the Hart actions. The Hart defendants' motion to stay is, therefore, denied.

---

**10.** The forum selection clause reads in full as follows: The Principal [*i.e.*, the defendant] hereby irrevocably submits to the jurisdiction of the Supreme Court of the State of New York, New York County, and to the jurisdiction of the United States District Court for the Southern District of New York, for the purposes of any suit, action or other proceeding arising out of, or relating to, this Agreement or any of the transactions contemplated hereby, and hereby waives, and agrees not to assert by way of motion, as a defense or otherwise in any such suit, action or proceeding, any claims that the Principal is not personally subject to the jurisdiction of the above-named courts or that the Principal's property is exempt or immune from execution or attachment, either prior to judgment or in aid of execution, that the suit, action or proceeding is brought in an inconvenient forum or that the venue of the suit, action or proceeding is improper, or that this Agreement or the subject matter hereof may not be enforced in or by such court.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to consolidate these actions for pretrial purposes only is granted. Defendants' motion to dismiss these actions pursuant to the FDCPA is denied. The motions of the Hart defendants to dismiss the Hart actions on the grounds of *forum non conveniens,* or, in the alternative, to stay the Hart actions, are also hereby denied.

SO ORDERED.