Pierre **PAULEMON,** Plaintiff–Appellant,

v.

Joseph M. **TOBIN,** Defendant–Appellee.

No. 1823, Docket 94–7153.

United States Court of Appeals,
Second Circuit.

Argued June 9, 1994.

Decided July 13, 1994.

Joanne Faulkner, New Haven, CT, for plaintiff-appellant.

Michael Stanton Hillis, New Haven, CT, for defendant-appellee.

Before: WALKER, Circuit Judge, and WARD, District Judge.*

ROBERT J. WARD, Senior District Judge:

Plaintiff Pierre Paulemon ("Paulemon") appeals from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge* ) granting defendant Joseph M. Tobin's ("Tobin") motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss plaintiff's complaint. Judge Covello held that defendant was acting as an attorney on behalf of his client and was therefore not a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA" or "the Act"). 15 U.S.C. §§ 1692–1692o. For the following reasons, we reverse and remand for further proceedings.

## BACKGROUND

Paulemon owed a debt to Yale–New Haven Hospital for medical services that were rendered beginning in November 1992. On behalf of the Hospital, Tobin sent a letter to Paulemon's attorney, David Welch, on March 19, 1993. The letter was titled "Institution of Litigation" and read in full:

> Our firm has been engaged by the above-named client to institute suit against your client. It is our understanding that you represent this individual and would be willing to accept service on their behalf.

> We will assume that you no longer represent this individual if you do not notify us of your continued representation within seven (7) days from the date of this correspondence and in such case, we will contact this individual directly.

Thank you for your attention to this matter.

On the reverse side of the page, the letter included a printed list of specific federal rights and a statement that read: "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

On May 12, 1993 Paulemon filed a complaint against Tobin alleging, *inter alia,* that defendant, through the letter, violated the FDCPA by threatening to communicate directly with a represented person and by making deceptive or misleading statements. Defendant moved to dismiss the complaint, on the grounds that plaintiff lacked standing under the FDCPA because he neglected to allege the essential element that Tobin had communicated with Paulemon. In addition, Tobin asserted that the purpose of the letter was not an effort to collect a debt but a way to comply with Connecticut's Professional Rules of Conduct. Judge Covello granted the motion to dismiss but on the grounds that Tobin was acting as an attorney in the course of litigation and not as a "debt collector" in accordance with the FDCPA.[1]

## DISCUSSION

■ A district court's grant of a motion to dismiss under Rule 12(b)(6) is reviewed *de novo. First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 765, (2d Cir.1994). This Court is to presume all material factual allegations in the complaint to be true and must construe all reasonable inferences in a light most favorable to the plaintiff. *Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994). Although a court considering a motion to dismiss for failure to state a claim is limited to the facts stated in the complaint, the complaint includes any written instrument attached to it as an exhibit and any

---

* Honorable Robert J. Ward, Senior United States District Judge for the Southern District of New York, sitting by designation. Honorable Ralph K. Winter recused himself prior to oral argument. The remaining members of the panel agree on the disposition of this appeal, and the local rules of this Circuit permit us to issue an opinion without replacing Judge Winter. Local Rule § 0.14(b).

1. In the motion to dismiss, Tobin admitted the truth of specific paragraphs in plaintiff's complaint including paragraph 4 which alleges: "The defendant is a debt collector within the meaning of the Fair Debt Collection Practices Act."

statements or documents incorporated into it by reference. *Allen v. Westpoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991). The complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991).

■ In 1977, Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e). The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Originally, the statute excluded attorneys from this definition. Former 15 U.S.C. § 1692a(6)(F) exempted from the term debt collector, "any attorney-at-law collecting a debt as an attorney on behalf of or in the name of a client." In 1986, however, the FDCPA was amended and § 1692a(6)(F) was repealed. Pub.L. 99–361, 100 Stat. 768, 15 U.S.C. § 1692a(6).

Although the FDCPA no longer contains an attorney exemption, some courts have determined, based on the legislative history, that the Act retains an exemption for attorneys engaged in litigation. For example, in *Firemen's Ins. Co. v. Keating*, 753 F.Supp. 1137 (S.D.N.Y.1990), Judge Leisure found that the 1986 amendment was not intended to reach all legal activity. He wrote: "The purpose of removing the attorney exemption was not, however, to sweep within the scope of the term 'debt collector' those attorneys acting in the role of legal counsel while representing clients." *Id.* at 1142; *see also, National Union Fire Ins. Co. v. Hartel*, 741 F.Supp. 1139, 1141 (S.D.N.Y.1990) (law firm not a "debt collector" since it engaged in activities of a purely legal nature in seeking reimbursement).

Judge Covello's decision, in fact, relied on a case from the Eastern District of Michigan,

which held that "an attorney who regularly files legal actions for the purpose of collecting debts on behalf of a client is not a 'debt collector' within the meaning of the FDCPA." *Green v. Hocking*, 792 F.Supp. 1064, 1066 (E.D.Mich.1992). *Green* explained that "a literal application of 15 U.S.C. § 1692(a)(6) would produce a result demonstrably at odds with Congress' intent in enacting the 1986 amendment, and thus the statute's seemingly strict language is not controlling." *Id.* at 1065. The Sixth Circuit affirmed and held that the FDCPA does not govern attorneys engaged solely in the practice of law. *Green v. Hocking*, 9 F.3d 18 (6th Cir.1993) (per curiam). In support of this litigation exemption, the Sixth Circuit wrote:

> An examination of the FDCPA in context reveals that it was not intended to govern attorneys engaged solely in the practice of law. A contrary result would produce absurd outcomes.... Moreover, the intent of the drafters is abundantly clear. The original legislation was designed to prevent harassment and deception in the collection of debts.... The intent of the 1986 FDCPA amendment was to close a loophole that allowed an attorney engaging in exactly the same unsavory debt collection activities to avoid liability solely because of possessing a law degree.... The FDCPA was not designed to inhibit litigation activities.

*Id.* at 21. *Green* attributes the litigation exemption to a statement made by Representative Annunzio, the sole sponsor of the 1986 Amendment. He remarked:

> "Only collection activities, not legal activities, are covered by the act.... The act applies to attorneys when they are collecting debts, not when they are performing tasks of a legal nature.... The act only regulates the conduct of debt collectors, it does not prevent creditors, through their attorneys, from pursuing any legal remedies available to them."

*Id.* (quoting 132 Cong.Rec. H10,031 (1986)).

Nevertheless, other circuit courts have found no such litigation exemption under the FDCPA. In particular, the Fourth, Seventh and Ninth Circuits have relied on the plain

meaning of the FDCPA in questioning the existence of any attorney exemption after the 1986 amendment. In *Scott v. Jones,* 964 F.2d 314, 316 (4th Cir.1992), the Fourth Circuit explained that it need not resort to legislative history because the statutory language defining "debt collector" under the FDCPA was clear and unambiguous. *Scott* characterized the argument that litigation attorneys are excluded from the FDCPA as "an artificial distinction." *Id.* Similarly rejecting the existence of such an exemption, the Ninth Circuit stated: "We decline to adopt this 'phantom limb' theory of statutory interpretation—allowing an excised provision to continue to determine the scope of the statute. We are unwilling to assume that the Congress acted contrary to its intentions when it repealed the attorney exemption and enacted no substitute." *Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1512 (9th Cir.1994). And most recently, the Seventh Circuit added:

> There may be abundant reasons why Congress should not regulate litigation aimed at collecting debts. But in drafting a broad statute, Congress entered all areas inhabited by debt collectors, even litigation. We must faithfully apply the law as Congress drafted it. We should not disregard the plain statutory language in order to impose on the statute what we may consider a more reasonable meaning.

*Jenkins v. Heintz,* 25 F.3d 536, 539 (7th Cir.1994).

On this appeal, however, we need not reach the question of whether attorneys engaged in litigation are exempted from the FDCPA. Although we are skeptical that a litigation exemption exists in light of the plain statutory language of the FDCPA, the March 19 letter cannot fairly be considered litigation activity sufficient to trigger such an exemption even if it were to exist. Such a "litigation" exemption could apply only to litigation; that is, the filing of a complaint and related submissions to the court. It cannot apply to the sending of letters to a debtor or the debtor's counsel prior to the actual filing of a complaint. Thus, we reverse the District Court's holding that defendant was exempt from the FDCPA. The matter is remanded to the District Court for further proceedings.

Paulemon also appeals Judge Covello's denial of his motion to waive bond. This motion was denied as moot after judgment was entered in favor of defendant on the motion to dismiss. Inasmuch as the underlying action has been remanded for further proceedings, we likewise remand regarding the motion to waive bond.

## CONCLUSION

We reverse the District Court's dismissal of the complaint and remand for further proceedings consistent with this opinion.