**Ellen M. TROMBA, on behalf of herself and all others similarly situated, Plaintiff,**

**v.**

**M.R.S. ASSOCIATES, INC., Defendant.**

**No. CV 02–4138(DRH)(ETB).**

United States District Court, E.D. New York.

June 30, 2004.

---

Katz & Kleinman PLLC by Lawrence Katz, Esq., Uniondale, NY, for Plaintiff.

Arthur Sanders, Esq., Spring Valley, NY, for Defendant.

### *MEMORANDUM AND ORDER*

HURLEY, District Judge.

In an action asserting violation of the Fair Debt Collection Practices Act ("FDCPA"), Defendant M.R.S. Associates, Inc. filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons discussed *infra*, the Court grants the motion.

### I. BACKGROUND

Consistent with Rule 12(c), the following facts were culled from the parties' pleadings and the documents relied upon therein. *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991).

The facts of this case are simple and undisputed. On or about February 22, 2002, an employee of Defendant M.R.S. Associates, Inc. ("M.R.S.") sent documents to Plaintiff's attorney. These documents, which related to the collection of an outstanding debt, were sent via a facsimile messenging ("fax") machine. A cover sheet was attached to these documents. This sheet stated in full [1]:

8564861528 02/21/2002 22:09 # 758 P.001/009

From: MRS ASSOCIATES, INC.

M.R.S. Associates, Inc.
3 Executive Campus, Suite 400, Cherry Hill, NJ 08002
Telephone: 856/667–5566     Facsimile: 856/486–1528
FAX COVER SHEET

FROM:     Bob McCoach, *Senior Legal Associate*
          Direct Dial: 877/774–7998 Ext. 3031

TO:       Mr. Richard Bleck
RE:       See attached
DATE:     2/22/02
# of pages (including cover sheet):     9
FACSIMILE:     516 522 2825
NOTES:     Please call me upon review of
           the [illegible] [signature]

CONFIDENTIALITY NOTE

The document(s) accompanying this transmission contain(s) information from the legal department of M.R.S. Associates, Inc., which is confidential and/or proprietary. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopy is strictly prohibited. If you have received this telecopy in error, please notify us immediately by phone.

Pl.'s Ex A (italics in original).

The remaining facts relating to this message are undisputed as well. For example, it is undisputed that this fax transmission was not sent to Plaintiff. Moreover, it is

---

**1.** The underlined portions are handwritten in      the original document.

undisputed that the sender of this fax message, who is identified as a "Senior Legal Associate," is not licensed to practice law in any state.

Plaintiff initiated this action on July 22, 2002, by filing a complaint. In that complaint, Plaintiff alleges violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq., via the submission of this fax message to his attorney. On the basis of this alleged violation, Plaintiff seeks permanent injunctive and other equitable relief including rescission, restitution and disgorgement. Specifically, Plaintiff alleges that M.R.S. violated Sections 1692e, 1692e(3) and 1692e(10) when Bob McCoach sent a fax cover sheet inaccurately referring to himself as a "Senior Legal Associate." Plaintiff also asserts that she represents a class of individuals who all received faxes from Bob McCoach. On September 4, 2002, M.R.S. filed an answer.

After the answer was filed, M.R.S. timely sought leave to file a Rule 12(c) motion for judgment on the pleadings. On November 21, 2003, M.R.S.'s instant motion was received in chambers.

## II. DISCUSSION.

### A. Rule 12(c) Standard.

A party is entitled to Rule 12(c) judgment on the pleadings only if no material issues of fact remain to be resolved and the party is entitled to judgment as a matter of law. *See Juster Assocs. v. Rutland,* 901 F.2d 266, 269 (2d Cir.1990). In applying that standard, the Court may not dismiss a complaint unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Hoover v. Ronwin,* 466 U.S. 558, 587, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984); *see also Still v. DeBuono,* 101 F.3d 888, 891 (2d Cir.1996). With that

standard in mind, the Court turns to the arguments raised by Defendants.

### B. FDCPA Claims Based Upon Communications That Were Solely Directed to the Debtor's Attorney.

As mentioned *supra,* Plaintiff's claims flow from the FDCPA. The FDCPA was enacted "to protect consumers from unscrupulous debt collection practices … without imposing unnecessary restrictions on ethical debt collectors." S.Rep. No. 382, 95th Cong., 1st Sess. 1–2, reprinted in 1977 U.S.Code Cong. & Admin.News 1695, 1696. Pursuant to that goal, the FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e. The non-exhaustive list of violative practices contained in Section 1692e includes the following: "(3) [t]he false representation or implication that any individual is an attorney or that any communication is from an attorney …. [and] (10)[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e(3), (10).

The FDCPA is a strict liability statute, and therefore, does not require a showing of intentional conduct on the part of a debt collector. *See e.g., Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996). Further, a single violation of the FDCPA is sufficient to establish civil liability. *See Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir.1993). With these harsh guidelines in mind, the Court must now consider the standard under which a violation is deemed to have occurred. In determining whether a debt collector has violated the FDCPA, courts apply an objective standard measured by

how the "least sophisticated consumer" would interpret the communication. *See Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993). Of course, prior to reaching that issue, the Court must determine whether the fax message at issue in the instant case constituted a communication.

■ The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). It is undisputed that the information attached to the fax cover sheet concerned a debt. Thus, on this level, it appears that the fax constituted a communication. However, Defendant raises the issue of whether the communication at issue in the instant case, which was directed solely to the debtor's attorney and contained no language indicating that the communication would also be directed to the debtor herself, is actionable under the FDCPA.[2]

Defendant has significant support for the proposition that a communication of the type at issue in the instant case, where the communication was directed solely to the debtor's attorney and contains no threat of forwarding the communication to the debtor herself, is not actionable under the FDCPA. The Second Circuit has stated:

> Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior.

*Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir.2002).

Although it is admittedly dictum, *see id.,* the above-quoted language provides strong support for Defendant's contention. Plaintiff disputes this interpretation of *Kropelnicki* by citing to a different Second Circuit case, which purportedly trumps the above-quoted dictum. *See Paulemon v. Tobin,* 30 F.3d 307, 310 (2d Cir.1994).

The portion of *Paulemon* upon which Plaintiff relies, however, does not relate to the circumstances of the instant case, i.e. whether a claim under the FDCPA may proceed where a communication was solely directed to a debtor's attorney and the communication contained no threat that communication would be made directly with the debtor. Instead, that portion of the decision involved a discussion of a former exception to the FDCPA, called the "litigation exception." *See id.* at 309. This exception, which is not applicable under the instant circumstances, would apply when attorneys made FDCPA communications in connection with pending litigation. *See id.* After detailing the legislative history of how the "litigation exception" had been removed from the statutory language, the Second Circuit noted that some courts had since applied a common law version for the exception. *See id.* The Second Circuit then opined that the exception should no longer be applied because of the change in statutory language. *See id.* at 310. However, the Second Circuit did not resolve that issue. *See id.* Instead, the Second Circuit stated that the litigation exception "cannot apply to the sending of letters to a debtor or the debtor's counsel prior to the actual filing of a complaint." *Id.*

---

2. M.R.S. actually argues that the fax was not actually a communication because it was targeted at Plaintiff's attorney. *See* Def.'s Mem. at 2. This argument is technically at odds with the plain language of Section 1692a(2). *See*

15 U.S.C. § 1692a(2). Therefore, the Court assumes that M.R.S. meant to argue that the communication in this case is not otherwise actionable under the FDCPA because it was solely directed toward the debtor's attorney.

Since the language employed by the Second Circuit in *Paulemon* refers to the debtor and the debtor's attorney in the disjunctive, a reasonable interpretation of that language would allow for a FDCPA claim to proceed where a communication was directed to either individual. However, as shown by the context of the discussion, the Second Circuit was not, via that language, resolving the legal issue presented to the Court in the instant case. Furthermore, the Court notes that the communication in *Paulemon* also included a threat to directly contact the debtor. *See id.* at 308. By way of contrast, in *Kropelnicki,* the Second Circuit was squarely faced with the issue of whether a communication sent only to a debtor's attorney, without the threat of also contacting the debtor his or herself, constituted and actionable communication under the FDCPA. 290 F.3d at 128. Although the balance of that decision rendered the Court's language dictum, the issue was nonetheless squarely framed for that court.

Faced with two dictum statements by the Second Circuit, the Court elects to apply the statement that involves a closer set of circumstances and which coincides with a careful explanation by the court. Therefore, in reliance upon *Kropelnicki,* the Court concludes that, under the circumstances alleged in this case, Plaintiff has no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor herself. *Cf. Ignatowski v. GC Services,* 3 F.Supp.2d 187, 189–191 (D.Conn.1998) (holding that communication with debtor's attorney did not violate Section 1692e(11) and distinguishing *Paulemon* ).

C. Defendant's Purported Misstatement.

In the instant case Plaintiff predicates his claims upon the purported misstatement contained in the fax cover sheet. In particular, Plaintiff argues that any indication that Bob McCoach was a "Senior Legal Associate" was inaccurate because he was not licensed to practice law. Thus, central to these claims is the assumption that the designation "Senior Legal Associate" equates with "attorney at law." In its reply brief, M.R.S. argues for the first time that no reasonable trier of fact, even under the "least sophisticated consumer" standard, would interpret the two designations as equivalent. *See* Def.'s Reply Mem. at 3.

Because this issue was not properly raised in Defendant's initial motion papers, and because Plaintiff therefore had no opportunity to respond, this argument is not properly before the Court. Parenthetically, however, the Court notes that it harbors grave doubts as to whether any reasonable trier of fact, even under the least sophisticated consumer standard, could conclude that "Senior Legal Associate" was equivalent with "attorney at law" or "lawyer." *See Rumpler v. Phillips & Cohen,* 219 F.Supp.2d 251, 257 (E.D.N.Y. 2002) (finding that no reasonable trier of fact could find that the term "Esq." was equivalent with a claim of being an attorney).

III. CONCLUSIONS.

For the foregoing reasons, the Court GRANTS M.R.S.'s Rule 12(c) motion to dismiss on the pleadings. The Clerk of Court is directed to CLOSE this case.

**SO ORDERED**