UNITED STATES of America

v.

**$40960.00 IN U.S. CURRENCY and $278,886.23 In U.S. Currency.**

**Action No. 4:11–CV–363–Y.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Oct. 17, 2011.

Steve Jumes–DOJ, U.S. Attorney's Office, Fort Worth, TX, for United States of America.

## *ORDER DENYING MOTION TO DISMISS*

TERRY R. MEANS, District Judge.

Pending before the Court is the Motion to Dismiss for Failure to State a Claim for Relief (doc. 16), filed by claimants Romi Jubain and Dani Jubain (collectively, "the Jubains") on September 20, 2011: The Court DENIES the motion.

## I. BACKGROUND

On May 31, 2011, plaintiff United States of America ("the government") filed a complaint for forfeiture against Defendants, certain sums of money ("the Money"). *See* Fed. Supp. R. Civ. P. for Asset Forfeiture Actions G(2). The Money had been seized previously pursuant to arrest warrants. (Compl. 2.) The Jubains filed verified claims to the money. *See id.* G(5)(a). The Jubains then filed the instant motion challenging the sufficiency of the allegations in the complaint to show that the Money was involved in or traceable to the criminal offense alleged. (Mot. 2.) *See id.* G(5)(b), (8)(b); *see also* Fed.R.Civ.P. 12(b)(6).

## II. STANDARD OF REVIEW

■ Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). As a result, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982). The Court must accept as true all well pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *See id.*

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In considering a motion to dismiss for failure to state a claim, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017–18 (5th Cir.1996). Documents attached to or incorporated in the complaint are considered part of the plaintiff's pleading. *See* Fed.R.Civ.P. 10(c); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000); *Paulemon v. Tobin,* 30 F.3d 307, 308–09 (2d Cir.1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990).

## III. DISCUSSION

■ In a forfeiture action, the sufficiency of a complaint is also governed by Rule G(2). *See* Fed. Supp. R. for Admiralty Cases G(8)(b)(ii). That rule provides that a forfeiture complaint is sufficient if it:

1. is verified;

2. states the grounds for subject-matter jurisdiction, in-rem jurisdiction over the property at issue, and venue;

3. describes the property with reasonable particularity;

4. states the tangible property's location when any seizure occurred or when the action was filed;

5. identifies the statute under which the forfeiture action is brought; and

6. sufficiently states detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

*See id.* G(2). The Jubains argue that the government failed, in the complaint, to allege jurisdiction under 18 U.S.C. § 984. Further, the Jubains assert that the government wholly failed to allege that the Money was involved in or traceable to the crime alleged. *See* 31 U.S.C. § 5317(c)(2).

The government's complaint sought forfeiture of the money because it was traceable to a violation of § 5324, which criminalizes structuring cash deposits to multiple banks or bank branches to avoid bank reports of the transactions to the Internal Revenue Service as required by § 5313. *See* 31 U.S.C. §§ 5313, 5324. The government relied on §§ 5317(c)(2) and 5324 as the "statutory bases for this suit" and stated "applicable are 31 CFR [§ ] 103, 18 U.S.C. § 983, and Rule G of the Supplemental Rules." (Compl. 2.) The government attached to the complaint an affidavit discussing § 984, which relaxes the standard to trace funds subject to forfeiture to the criminal violation:

> 18 U.S.C. § 984 provides that, in any forfeiture action *in rem* in which the subject property is funds deposited in an account in a financial institution, the government does not have to identify the funds involved in the offense that is the basis for the forfeiture; it is no defense that those funds have been removed and replaced by other funds; and identical funds found in the same account as the funds involved in the forfeiture offense are subject to forfeiture. In essence, § 984 allows the government to seize for forfeiture identical property found in the same place where the "guilty" property had been kept. However, § 984 does not allow the government to reach back in time for an unlimited period; a forfeiture action (including a seizure) against property not directly traceable to the offense that is the basis for the forfeiture cannot be commenced more than one (1) year from the date of the offense.

(Compl. Ex. A at 4.)

As stated above, the Jubains argue that the complaint is insufficient and must be dismissed because (1) the government failed to raise § 984 in the complaint as a jurisdictional basis for the forfeiture action and (2) there are no allegations that the seized money was involved in or traceable to a violation of § 5324 as required by § 5317(c)(2). *See* 18 U.S.C. § 984; 31 U.S.C. §§ 5324, 5317(c)(2). First, the statements in the affidavit raising § 984 are sufficient to apply § 984 to relax the standard under which the forfeited property is identified and traced to the underlying criminal offense. Because the affidavit was attached to the complaint, the statements in that affidavit must be considered by the Court in determining the sufficiency of the allegations to survive a dismissal motion because they are considered part of the complaint. *See* Fed.R.Civ.P. 10(c); *see also* Fed. Supp. R. Civ. P. for Asset Forfeiture Actions A(2). Further, § 984 is not a jurisdictional statute, as asserted by the Jubains, but is a modification of the forfeiture requirements when the subject property is cash. (Resp. 2.) *See, e.g., United States v. $8,221,877.16 in United States*

*Currency,* 330 F.3d 141, 158–59 (3d Cir. 2003).

██ The Jubains' second dismissal argument is likewise unavailing. The Jubains specifically contend that the government failed to allege that the Money—seized on December 28, 2010—is the same money involved in the violation of § 5324, which occurred in May 2010. (Mot. 2.) But the insufficiency of any tracing of funds to the offense cannot be a basis for dismissal of a forfeiture complaint. *See* 18 U.S.C. §§ 983(a)(3)(D), 984(a)(2); Fed. Supp. R. Civ. P. for Asset Forfeiture Actions G(8)(b)(ii). The government has stated sufficiently detailed facts in the complaint and the attached affidavit to support a reasonable belief that it will be able to meet its burden of proof at trial. *See* Fed. Supp. R. Civ. P. for Asset Forfeiture Action G(2)(f). (Compl. Ex. A at 4–6.)

### IV. CONCLUSION

The government has pleaded a plausible forfeiture claim with sufficiently detailed facts to support a reasonable belief that it will be able to meet its burden of proof at trial. As such, the complaint is sufficient to avoid dismissal under Rule 12 and Supplemental Rule G(2).