**Lynn GREEN, Plaintiff,**

v.

**Thomas D. HOCKING, Defendant.**

No. 91–74422.

United States District Court,
E.D. Michigan, S.D.

May 15, 1992.

Nora Lee Wright, Saline, Mich., for plaintiff.

Murdoch Hertzog, Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is a case brought pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1601 *et seq.* Plaintiff, Lynn Green (Green) says defendant, Thomas D. Hocking (Hocking), who is an attorney, misstated in a civil complaint and an amended complaint filed in a local court the amount of money she owed her creditor, Lee Acceptance Corp. (Lee), and as a result violated: (1) 15 U.S.C. § 1692e(2)(A) of the FDCPA, which proscribes the false representation of amount of any debt, and (2) 15 U.S.C. § 1692f(1) of the FDCPA, which proscribes the "collection of any amount (including any interest ...) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Now before the Court is Green's motion for summary judgment. Green says there is no dispute of material fact and she is entitled to judgment as a material of law. However, Hocking says he is not a "debt collector" within the meaning of the FDCPA, and the statute is inapplicable to him in the instant action. The Court agrees with Hocking, and thus Green's motion for summary judgment will be denied.

### II.

The following facts are not in material dispute. On November 19, 1986, Green used a VISA credit card to purchase from Highland Appliance, Inc. (Highland) an electronic keyboard, which cost $196.44. VISA refused to accept the charge slip signed by Green and as a result did not pay Highland for the electronic keyboard. On June 10, 1991, Hocking filed a complaint in the 53rd District Court on behalf of Lee, the assignee of Green's debt to Highland. The complaint stated that Hocking owed Lee a total of $304.83. This total reflected the cost of the keyboard plus interest cal-

# 5

culated at a rate of 18 percent.[1] On July 11, 1991, Hocking filed an amended complaint, which stated that Hocking owed Lee a total of $239.56. This total reflects the cost of the keyboard plus interest calculated at a rate of apparently five percent.[2] During the last five years, Hocking has filed approximately 2,000 civil complaints in local courts on behalf of creditors to collect consumer debts.

## III.

### A.

The FDCPA imposes civil liability only on "debt collectors." *Holmes v. Telecredit Service Corp.*, 736 F.Supp. 1289, 1290 (D.Del.1990); 15 U.S.C. § 1692k. Green's claims as to Hocking are based on his alleged violations of the FDCPA. Consequently, if Hocking, who as stated *supra* was Lee's attorney, is not a "debt collector" within the meaning of the FDCPA, the statute is inapplicable to his actions and this case must be dismissed.

The FDCPA defines "debt collector" generally as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ...

15 U.S.C. § 1692a(6). Although the FDCPA, as originally enacted, specifically excluded attorneys from the definition of "debt collector," it was amended in 1986 to delete the attorney exemption. Pub.L. 99–

361, 100 Stat. 768, 15 U.S.C. § 1692a(6). Green says the amendment was intended to expand the scope of the FDCPA to reach activity such as Hocking's filing of complaints. Literally read, the definition of "debt collector" contained in 15 U.S.C. § 1692a(6), and its subsequent amendment, suggests that an attorney who files a complaint on behalf of a creditor is a "debt collector" within the meaning of the FDCPA.

### B.

However, a literal application of 15 U.S.C. § 1692a(6) would produce a result demonstrably at odds with Congress' intent in enacting the 1986 amendment, and thus the statute's seemingly strict language is not controlling. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).

The purpose of the 1986 FDCPA amendment was to close a loophole which allowed attorneys engaging in unsavory debt collection activities to avoid liability under the FDCPA simply because they had obtained a law degree. *See* H.Rpt. 99–405, 99th Cong., 2d Sess. 1–7, *reprinted in* 1986 U.S.Code Cong. & Admin.News at 1752–57.[3] "The purpose of removing the attorney exemption was not, however, to sweep within the scope of the term 'debt collector' those attorneys acting in the role of legal counsel while representing clients." *Firemen's Insurance Co. of Newark, New Jersey v. Keating*, 753 F.Supp. 1137, 1142 (S.D.N.Y.1990) (citing *National Union*

---

1. Hocking acknowledges that Lee is not entitled to interest at a rate of 18 percent. Green and VISA contracted for such a rate, but neither Lee nor Highland was a party to the contract.

2. This total appears to be an accurate statement of Green's debt to Lee. The charging of a five percent interest rate is in accordance with Michigan law. M.C.L.A. § 438.31 states in relevant part: "The interest of money shall be at a rate of $5.00 upon $100.00 for a year, and at the same rate for a greater or less sum, and for a longer or shorter time ..."

3. The legislative history, *id.* at 1755, lists several practices that the 1986 amendment was designed to regulate, including:

> [L]ate night telephone calls to consumers, calls to consumers' employers concerning the consumers' debt, frequent and repeated calls to consumers, disclosure of consumers' debt to third parties, threats of legal actions on small debts where there is little likelihood that legal action will be taken, simulation of legal process, harassment, abuse, threats of seizure, and attachment and sale of property where there is little likelihood that such action will be taken.

None of these activities may be fairly described as traditional legal activities such as the filing of cases in court.

*Fire Insurance Co. of Pittsburgh, Pennsylvania v. Hartel,* 741 F.Supp. 1139 (S.D.N.Y.1990) (law firms representing plaintiff guarantor of notes executed by defendant investor in limited partnership are not "debt collectors" within meaning of FDCPA, since they have engaged in activities only of a purely legal nature in seeking reimbursement for plaintiff)). *See also* 131 Cong.Rec. 33,584 (1985) (Rep. Annunzio, sponsor of the 1986 amendment, said that "removal of the attorney exemption will not interfere with the practice of law by the Nation's attorneys. It will not prevent them from representing the interests of their clients."); Jean Noonan, *Federal Trade Commission Activity: Pursuing Unfair and Deceptive Practices in Consumer Financial Services,* 43 Bus.Law. 1069, 1075 (1988) (Federal Trade Commission has concluded that "litigation related activities that might result in payment of a debt, such as filing a complaint ... do[es] not, by [itself], bring attorneys under the definition of a debt collector"); Ellen R. Dugan, *FTC Activities,* 44 Bus.Law. 1419, 1424 (1989) (same).[4]

Thus, the Court finds that an attorney who regularly files legal actions for the purpose of collecting debts on behalf of a client is not a "debt collector" within the meaning of the FDCPA. Here, Green simply alleges that Hocking violated the FDCPA when he filed the complaints, which is a purely legal task.

**C.**

██ The only case Green cites in support of her position that Hocking is a "debt collector" within the meaning of the FDCPA, *Crossly v. Lieberman,* 868 F.2d 566 (3rd Cir.1989), is wholly inapposite. In *Crossly,* 868 F.2d at 569–70, the Court of Appeals for the Third Circuit held that an attorney was a "debt collector" as defined by the FDCPA, where: (1) he sent a letter to a debtor-plaintiff in which he demanded payment, and (2) the letter stated that the attorney himself was collecting the money owed. Thus, unlike Hocking, the attorney in *Crossly* was not acting as a legal counsel for a client, but rather was performing traditional debt collection services.[5]

**IV.**

Thus, Green's motion for summary judgment is DENIED. Even though Hocking has not moved for dismissal, it would appear that, in light of the foregoing, this case should be dismissed as there is no good reason for it to remain on the Court's docket. Accordingly, this case is DISMISSED.

SO ORDERED.

---

**4.** Irrespective of Congress' intent, bringing attorneys who perform traditional legal services within the scope of the FDCPA does not seem warranted given the numerous codes, including the Michigan Rules of Professional Conduct, *see* Michigan Rules of Court—State, pp. 967–1040 (1991), that regulate the conduct of attorneys. Subjecting an attorney to the extrajudicial discipline of an action under the FDCPA may also raise a separation of powers question since attorneys in court have been traditionally considered as officers of the court. *See* 7 Am. Jur.2d *Attorneys at Law* § 3 (1980).

**5.** Assuming *arguendo* Hocking was a "debt collector" within the meaning of the FDCPA, he says any misstatements in the complaints were bona fide errors, and thus as a matter of law he is not liable under the statute. The argument lacks merit. A debt collector generally may not be held liable in any action brought under the FDCPA if it is shown by a preponderance of

evidence that a violation was not intentional and resulted from a bona fide error. 15 U.S.C. § 1692k(c). However, a debt collector may not avail himself or herself of the affirmative defense of bona fide error unless he or she shows that the error was made notwithstanding procedures reasonably adapted to avoid any such error. *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1030–31 (6th Cir.1992). Here, Hocking has offered unrebutted evidence in the form of an affidavit, albeit a highly unconventional one in which Hocking simply swears that all facts alleged in the "Reply to Motion for Summary Judgment" are true, suggesting that any misstatement in the complaint, dated June 10, 1991, was unintentional. However, he has offered no evidence suggesting that the error occurred notwithstanding procedures reasonably adapted to avoid any such error. Instead, Hocking states the error occurred because he relied blindly on Lee's representation that Green owed $304.83.