Arsenia TOLENTINO, Plaintiff,

v.

Lawrence FRIEDMAN, Defendant.

Nelwin BREWER and Johnnie Mae Johnson, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Lawrence FRIEDMAN, d/b/a Law Offices, Lawrence Friedman, Defendant.

Nos. 93 C 878, 93 C 971.

United States District Court, N.D. Illinois, E.D.

Sept. 21, 1993.

Daniel A. Edelman, Cathleen M. Combs, Tara Goodwin Redmond, James Eric Vander Arend, Edelman & Combs, Chicago, IL, for Tolentino.

Richard J. Sorman, Marcia Clare Bellows, Rieck & Crotty, P.C., Chicago, IL, for defendant.

Alan A. Alop, Benjamin C. Weinberg, Legal Assistance Foundation of Chicago, Chicago, IL, for Brewer.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court are cross-motions for partial summary. judgment. For the following reasons, the court grants the plaintiffs' motions and denies defendant's motion.

### FACTS

The defendant in these two consolidated cases, Lawrence Friedman ("Friedman"), is a

practicing attorney maintaining a sole proprietorship in Chicago, Illinois. At least a part of Friedman's practice includes the representation of creditors in their efforts to recover debts allegedly owed. These two cases arose from the debt collection practices of Friedman; one case was filed as a class action [1] and the other individually.

Sometime in 1992, Citicorp National Services Inc. ("Citicorp") hired Friedman to recover an alleged deficiency on an automobile lease that Citicorp claimed plaintiff Arsenia Tolentino ("Tolentino") owed. Also in 1992, F.C.C. National Bank ("F.C.C.") hired the services of Friedman in order to recover monies allegedly owed by Nelwin Brewer ("Brewer"), and Discover Card Services, Inc. ("Discover Card") hired Friedman to recover monies from Johnnie Mae Johnson ("Johnson"). Friedman sent collection letters to these individuals which read:

> Please be advised that I have been retained by the above named, to represent them in their claim against you.
>
> Be further advised that I have been instructed to initiate all necessary action in the enforcement of this claim, but before doing so, I am giving you this opportunity to pay this indebtedness without the necessity of filing suit.[2]
>
> If, however, I do not hear from you I may have no alternative but to commence legal action against you, which will greatly increase the amount due hereunder, by the addition of court costs and attorney fees, where applicable.
>
> Unless you, the recipient of this notice, within thirty days after receipt dispute the validity of this debt or any portion thereof, the debt will be assumed to be valid.

> If you notify the office of the undersigned, in writing within the thirty-day period that the debt, or any portion there is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification of judgment [3] will be mailed to you by the undersigned.
>
> Upon your written request within the thirty day period, this office will provide you with the name and address of the original creditor if different from the current creditor.
>
> This letter is an attempt to collect a debt and any information obtained may be used for that purpose.

Tolentino refused to pay the purported debt, claiming it was illegal and unenforceable, and also filed suit against Citicorp alleging violations of various consumer protection laws. Brewer and Johnson also refused to pay their alleged debts.

On September 4, 1992, Friedman filed a complaint against Tolentino on behalf of Citicorp and on September 10, 1992, filed suit against Brewer on behalf of F.C.C. Johnson was sued on September 24, 1992. All of these cases were filed in Cook County Circuit Court. Friedman contacted the Cook County Sheriff for service of the summonses and complaints upon Tolentino, Brewer, and Johnson. After Friedman delivered the summonses and complaints to the Sheriff for service, Friedman mailed copies of them to these individuals in envelopes bearing the return address of Friedman's law firm. Also included in the envelopes, however, was a separately folded copy of a notice labelled *"IMPORTANT NOTICE"* (the "Notice"). This Notice read as follows:

---

1. Because the court wanted to address the liability issue in this case quickly, the briefing on class certification has been stayed pending the resolution of these motions.

2. Although the parties do not raise any issue as to the legality of Friedman's letter, the court notes that the language in this letter is rather misleading. For instance, taken literally, the sentence footnoted implies that the debt can be payed without requiring the *debtor* to file suit.

3. This sentence provides an additional illustration of the possible confusion caused by the

words used in this letter. The words "verification of [sic] judgment" add more confusion to the footnoted sentence. This sentence first distinguishes between a verification of a debt and a copy of a judgment; but now, with the use of the word "of" instead of "or," it seems to combine the two ideas. This sentence could also be misleading to a debtor because it implies there may already exist a judgment against the debtor; the form letter does not differentiate between a judgment debtor and another debtor.

In the next few days it is likely that you will receive mail from lawyers recommending that the only way you can clean up your financial affairs is to file BANKRUPTCY, and that you employ that lawyer to represent you.

As you know CREDIT is extremely important in this day and age. Filing bankruptcy is not necessarily the end to your financial problems. It might cause more problems than it solves. Bankruptcy may also involve COSTS to you such as filing, trustee and attorney fees.

Your failure to pay your indebtedness to this creditor has prompted the filing of this legal proceeding against you. Though this action is unfortunate, it does not hinder your ability to discuss the payment of this debt on terms that everyone can live with. Please contact this office to discuss a repayment arrangement in line with your financial situation. Please note that this office only represents the creditor and we cannot represent your interests in this matter.

Law Offices
LAWRENCE FRIEDMAN—03532
19 S. LaSalle Street
10th Floor
Chicago, IL 60603
(312) 977–8000

On February 10, 1993, and February 16, 1993, respectively, Tolentino and Brewer filed the present lawsuits alleging that the Notice Friedman included with the copies of the summonses and complaints violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2), (9), (10), (11), and (13). Johnson was added as a named plaintiff in May 1993. The class action suit is premised on the theory that there exist many other previous debtors who received Friedman's Notice as part of his efforts to collect debts for various clients. The parties filed cross-motions for summary judgment on the issue of whether the Notice violates the FDCPA.

## DISCUSSION

■ Section 1692e of the FDCPA prohibits false and misleading representations or procedures in connection with debt collection. 15 U.S.C. § 1692e. The FDCPA lists conduct that is in violation of § 1692e, without limiting its general application. *See* 15 U.S.C. § 1692e(1)–(16). The prohibitions listed include the false representation of the character, amount or legal status of any debt, 15 U.S.C. § 1692e(2)(A), the use of false representations or deceptive means to collect or attempt to collect a debt, 15 U.S.C. § 1692e(10), and "the failure to disclose clearly in all communications made to collect a debt ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," 15 U.S.C. § 1692e(11). The FDCPA also prohibits debt collectors from using documents or other communications which appear to be "authorized, issued, or approved by any court, official, or agency ... or which create[] a false impression as to its source, authorization, or approval," 15 U.S.C. § 1692e(9), and prohibits debt collectors from falsely representing or implying that documents are legal process, 15 U.S.C. § 1692e(13).

The issue in this case is whether Friedman's mailing of the Notice constitutes a debt collection activity which violates the FDCPA. For purposes of these motions, the parties have stipulated that Friedman is a debt collector covered by the FDCPA. *See* 15 U.S.C. § 1692a(6). The court holds that the Notice is a deceptive means to collect or attempt to collect a debt in violation of § 1692e(10) of the FDCPA, and fails to clearly disclose that Friedman is attempting to collect a debt and that any information obtained therefrom will be used for that purpose in violation of § 1692e(10). Furthermore, the Notice appears to be authorized, issued, or approved by a court and therefore creates a false impression as to its source, authorization, or approval in violation of 15 U.S.C. § 1692e(9), and falsely implies that it is part of the legal process in violation of 15 U.S.C. § 1692e(13).

Because the FDCPA's directives only apply to communications made to collect a debt, the principal question in this case is whether the Notice constitutes a communication intended for debt collection. The key to the

answer to this question converges on whether the action taken by Friedman constitutes a debt collection practice instead of a litigation practice.[4] Not all communications made to a debtor in regard to a debt are made for collection purposes. For instance, an attorney whose collection efforts render him a debt collector for purposes of the FDCPA is not collecting a debt at all times and not all activities undertaken on behalf of the creditor are to collect the debt. As defendant points out, Congress removed the attorney exemption in 1986 in order to "close a loophole which allowed attorneys engaging in unsavory debt collection activities to avoid liability ... simply because they had obtained a law degree." *Green v. Hocking,* 792 F.Supp. 1064, 1065 (E.D.Mich.1992).

But the Notice in this case is clearly an attempt to communicate to the debtors regarding the collection of the debts allegedly owed. The Notice is not a traditional legal activity. Even a non-attorney debt collector could send a copy of a summons, complaint, and Notice to a debtor. Non-attorney debt collectors cannot, on the other hand, represent the creditor and file court documents on his or her behalf. Also, a summons and a complaint, as well as other legal documents filed in court, constitute traditional legal activities that may not be covered by the FDCPA because they are intended for use in litigation. But Friedman's use of the Notice is distanced from the traditional role of attorney as litigator and has the effect of advancing the financial interests of the creditors through possibly oppressive means. This distinguishes the debt collection activity to which the FDCPA applies from the traditional litigation activities of an attorney to which Friedman argues the FDCPA does not apply. *Compare Graziano v. Harrison,* 950 F.2d 107, 109–13 (3d Cir.1991) (FDCPA applied to attorney debt-collector's pre-litigation communications) *with Green,* 792 F.Supp. at 1066 (filing of complaints is purely a legal task that is not covered by FDCPA).

Friedman's argument that, once the suit was filed, Friedman's relationship changed such that he was now acting in a capacity

that represented the creditors' legal interests and thus had the responsibility for successfully reducing the debts to judgment, and that the Notice was intended merely to effectuate a settlement, are without merit. The Notice itself discloses that Friedman was maintaining his attempt to engage in conversation regarding the collection of the debts without incurring any litigation expenses and was discouraging the debtors from filing a bankruptcy petition. The Notice reads, "Your failure to pay your indebtedness to this creditor has prompted the filing of this legal proceeding against you. Though this action is unfortunate, it does not hinder your ability to discuss the payment of this debt on terms that everyone can live with." The Notice further requests, "Please contact this office to discuss a repayment arrangement in line with your financial situation." This language seeks to have the debts collected and payments made.

Additionally, the Notice is merely one step in Friedman's procedure for debt collection. It is apparent that Friedman's collection activity is comprised of a three step process that begins with persuasion by mail, is followed by the filing of suit and mailing of the Notice with the summons and complaint, which is last followed by the civil process. The court finds that the use of the Notice remains a part of the debt collection activity of Friedman and is not part of the civil process.

The court now turns to whether the Notice violates any portion of the FDCPA. The Notice does not falsely represent the character, amount or legal status of the purported debts as is contemplated by § 1692e(2)(A) of the FDCPA. The Notice does not make any representations on this topic. Actually, the Notice does not discuss any specifics regarding this debt. Therefore, the Notice does not violate § 1692e(2)(A).

■ Nonetheless, the Notice is deceptive. Section 1692e(10) requires that a debt collector's efforts not be deceptive to a "least sophisticated debtor." *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1177 (11th Cir.

---

4. The Notice is clearly a "communication," which is "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

1985). The court should inquire into whether it is likely that the least sophisticated debtor who reads the Notice would take it to be oppressive, false, or threatening. *Bingham v. Collection Bureau, Inc.*, 505 F.Supp. 864, 871 (D.N.D.1981). If the Notice is deceptive as to whether collection efforts have ripened into a more serious stage or have progressed such that immediate action on the part of the debtor is necessary, then the practice could be deceptive within the meaning of § 1692e(10). *See, e.g., Anthes v. Transworld Systems, Inc.*, 765 F.Supp. 162, 168 (D.Del. 1991); *Graziano v. Harrison*, 763 F.Supp. 1269, 1279 (D.N.J.), *aff'd in part and rev'd in part,* 950 F.2d 107 (3d Cir.1991).

Friedman's Notice deceptively and misleadingly impresses upon its readers the belief that, because a lawsuit has been filed, they are now in a dire situation in which bankruptcy may appear to be the only available option. The Notice implies that the only options are payment of the debt or bankruptcy, which would destroy the credit of the debtor.

Another manner in which the Notice is deceptive is as to its nature and source. An unsophisticated debtor may not realize the nature or source of the Notice, given its language and its inclusion with court documents, regardless of the sentence in the Notice identifying Friedman as representing the creditor. Section 1692e(9) prohibits any communication "which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency ... or which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9). And § 1692(13) prohibits debt collectors from falsely implying that documents constitute legal process, 15 U.S.C. § 1692e(13). The Notice gives the false impression to unsophisticated debtors that Friedman is, in some way, an attorney affiliated with the court or that he is required by the court to issue this Notice in connection with the summons and complaint. Also, the inclusion of the Notice with the summons and complaint implies that the Notice is part of the legal process of filing suit; and the Notice's use of the words "this legal proceeding" implies that the Notice is part of the legal process. Thus the oppressive and dire message conveyed by the Notice seems to be a message that is emphasized by a court.

Friedman argues that subsections (9) and (13) apply to communications that physically and facially simulate forms or other official-looking documents. These subsections are broader in application than Friedman claims. The statute refers to authorization or approval by a court—which may not necessarily come on official forms—and applies to documents creating a false impression, such as by implication through language or usage. Friedman's Notice is written in language that would seem official to an unsophisticated debtor and is included with legal process such that an unsophisticated debtor may take it as officially sanctioned, authorized, or approved. Friedman's practice is an attempt to clothe his collection efforts with official governmental or court authority and force. *See Colmon v. Payco–General American Credits, Inc.*, 774 F.Supp. 691, 699 (D.Conn. 1990).

Last, the Notice fails to disclose clearly that Friedman is attempting to collect a debt by this mailing and does not state that the information obtained will be used for that purpose. *See* 15 U.S.C. § 1692e(11). The statute requires that this disclosure be made "in all communications made to collect a debt...." *Id.* Friedman argues that subsequent communications with a debtor need not comply with § 1692e(11) where previous communications complied with that section's disclosure requirement, citing to *Pressley v. Capital Credit & Collection Serv., Inc.*, 760 F.2d 922, 925 (9th Cir.1985). This court does not adopt that position because the statute clearly states that *all* communications intended to collect a debt are covered, not just the initial ones. Further, the court is persuaded by the Fourth Circuit case of *Carroll v. Wolpoff & Abramson*, 961 F.2d 459 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 298, 121 L.Ed.2d 222 (1992). The reasoning of that decision comports more closely with the statutory language and recognizes the remaining possibility of over-reaching by debt collectors even after initial letters are sent which comply with the FDCPA. *See id.* at 461.

Requiring inclusion of the § 1692e(11) language in the Notice would serve a beneficial purpose to debtors. The disclosure would definitively identify the document as constituting a collection device rather than an officially-authorized or officially-required notice. The Notice's deceptive or oppressive nature would be cured by clearly delineating that the Notice remains a part of Friedman's attempt to collect a debt. Friedman cannot avoid liability by simply including debt collection communications in mailings containing court documents. A different holding would allow Friedman to hide behind the characteristic that sets attorneys apart from other debt collectors, which arises from their law degrees: the ability to personally represent the creditor before the court and instigate a suit on its behalf.

### CONCLUSION

For the reasons outlined above, the court grants the plaintiffs' motions for partial summary judgment and denies Friedman's motion.

IT IS SO ORDERED.