**Fred A. BLUM, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**FISHER AND FISHER, ATTORNEYS AT LAW P.C., an Illinois professional corporation, Defendant.**

No. 96 C 2194.

United States District Court, N.D. Illinois, Eastern Division.

April 3, 1997.

Eugene W. Beeler, Jr., James S. Shedden, David J. Philipps, Catherine Lee Gemrich, Michael S. Hilicki, Beeler, Schad & Diamond, P.C., Chicago, IL, for Plaintiff.

Robert C. Heist, Scott L. Carey, Monica T. Sullivan, Bates, Meckler, Bulger & Tils, Chicago, IL, for Defendant.

## MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Fred A. Blum (Blum) brought this putative class action against Fisher and Fisher, Attorneys at Law (Fisher), charging that a debt collection letter regularly sent by defendant violates the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §§ 1692 *et seq.* Fisher has moved for summary judgment and Blum has filed a cross-motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons stated below, defendant's motion and plaintiff's cross-motion are denied.

## BACKGROUND

On or about July 24, 1990, plaintiff signed a Mortgage and Note pursuant to which he agreed to make monthly mortgage payments. While there is some dispute regarding the original mortgagor, the mortgage was eventually acquired by Mellon Mortgage Company (Mellon). On approximately February 21, 1996, plaintiff's mortgage fell into default and Mellon commenced internal foreclosure proceedings by referring the defaulted mortgage to Fisher for collection. Plaintiff was notified of this action in a letter from Mellon dated February 21, 1996. On February 27, 1996, plaintiff's counsel faxed Fisher a letter telling the firm that he represented Blum with respect to his mortgage and that he would accept service of any foreclosure complaint on Blum's behalf. Thereafter, Eliza-

beth Kaplan, an attorney at Fisher, had a telephone conversation with plaintiff's attorney during which she provided plaintiff's attorney with the amount of the outstanding mortgage debt that was due and owing in order to reinstate the loan. Fisher offered to refrain from further action until March 10, 1996. Fisher claims that Blum's attorney indicated he would contact Blum and respond to Fisher regarding the reinstatement prior to the March 10 date. Plaintiff disputes that his attorney ever agreed to respond to Fisher by any particular date.

Between February 27, 1996 and March 29, 1996, there was no further communication between Blum's attorney and Fisher. On March 29, 1996, Fisher filed a Complaint to Foreclose the Mortgage against Blum in the Northern District of Illinois. On the same date the complaint was filed, Fisher mailed the following letter (dated March 26, 1996), to plaintiff:

Dear Homeowner:

A mortgage foreclosure has been filed by this office because of your failure to make your mortgage payments. The amount of your outstanding debt is $59,044.85 (principal balance) plus interest, advances and attorneys' fees and costs.

This foreclosure could result in the mortgage lender taking title to your property in approximately 7 months. During that time you may be allowed to stay in the house absolutely rent free. In addition, you have the right to save your house from foreclosure by either catching up your loan or by paying off the total mortgage debt through sale, refinancing or otherwise.

At the end of the foreclosure process, the mortgage lender will expect you to move out immediately or be evicted.

This letter is an attempt to collect a debt; any information obtained will be used for that purpose. Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (1977), we will assume this debt to be valid unless you dispute the validity of all or any part of it in writing within 30 days of receipt of this letter. If you notify us in writing that you dispute all or a portion of the debt, we will obtain and send to you verification of the debt. Likewise,

upon written request within 30 days after receipt of this notice we will provide you with the name and address of the original creditor, if different from the creditor named above.

(Compl.Ex. C).

On April 15, 1996, plaintiff filed a class action complaint against defendant alleging violations of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692 et seq. On behalf of the putative class, plaintiff claims that the March 26, 1996 letter from Fisher is false, deceptive, and misleading in violation of 15 U.S.C. § 1692e and unfair and unconscionable in violation of 15 U.S.C. § 1692f for the following reasons: (1) it misrepresents the homeowner's options in response to the foreclosure by implying that the homeowner can either pay the balance on his mortgage or do nothing and live "rent free" for 7 months pending foreclosure; (2) it falsely implies that the homeowner must pay attorneys' fees related to the foreclosure when it has not yet been shown that the lender is entitled to foreclose and that the requested fees are reasonable; and (3) it fails to advise the homeowner to seek independent counsel. Plaintiff also makes the individual claim that defendant violated 15 U.S.C. § 1692c(a)(2) by sending its March 26, 1996 letter directly to him knowing that he was represented by an attorney.

## DISCUSSION

### I. Standard for Resolving Cross–Motions for Summary Judgment

The parties seek to dispose of this case through the filing of cross-motions for summary judgment. Summary judgment may only be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The movant must point to those portions of the record which demonstrate the absence of any genuine issue of material fact, *Celotex Corp. v. Catrett*, 477

U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). On cross-motions for summary judgment, "[w]e therefore apply the traditional standard that summary judgment will not lie unless, construing all inferences in favor of the party against whom the motion is made, no genuine issue of material fact exists." *I.A.E., Inc. v. Shaver,* 74 F.3d 768, 774 (7th Cir.1996) (citations omitted). There is a genuine dispute over a material fact if the evidence would allow a reasonable trier of fact to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## II. *The Fair Debt Collection Practices Act (FDCPA)*

The FDCPA is a broad prohibitive statute designed "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Johnson v. NCB Coll. Servs.,* 799 F.Supp. 1298, 1303 (D.Conn.1992) (quoting S.Rep. No. 382, 95th Cong. 1st Sess. 1, 2, reprinted in, 1977 U.S.C.C.A.N. 1695, 1696). The prohibitions of the FDCPA apply only to "debt collectors." *See generally* 15 U.S.C §§ 1692c–1692j.[1] It is undisputed that Fisher was acting as a debt collector within the meaning of the FDCPA when it sent the March 26 letter to plaintiff in this case. *See Heintz v. Jenkins,* 514 U.S. 291, 292–93, 115 S.Ct. 1489, 1490, 131 L.Ed.2d 395 (1995); *see also Oglesby v. Rotche,* No. 93–C–4183, 1993 WL 460841 at *1, 1993 U.S. Dist. LEXIS 15687, at *2 (Nov. 4, 1993) ("an attorney whose principle business is debt collection or who regularly collects the debts of another falls within the prohibitive scope of the FDCPA").

Plaintiff maintains that Fisher's letter violated the FDCPA as a matter of law in four separate ways. Fisher disputes each of plaintiff's claims, and asks this court to find as a matter of law that its debt collection letter was in compliance with the FDCPA's provisions. Plaintiff's first three claims are made on behalf of the putative class and relate to specific portions of the collection letter that allegedly violate §§ 1692e & f of the FDCPA. Plaintiff's final claim is made on his own behalf, and alleges that the letter constituted an improper direct communication in violation of § 1692c(a)(2).

## A. Violations of § 1692e and § 1692f

■ Under § 1692e, a debt collector may not use any "false, deceptive, or misleading representations or means in connection with the collection with any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of deceptive debt collection practices that fall within this ban. Prohibited conduct relevant to this summary judgment motion includes:

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(15) The false representation or implication that documents are not legal process or do not require action by the consumer.

15 U.S.C. § 1692e. However, because the list is non-exhaustive, a debt collection practice can be "false, deceptive, or misleading" in violation of § 1692e even if it does not fall within any of the subsections of § 1692e. *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2nd Cir.1993).

■ Under § 1692f, a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15

---

1. A "debt collector" is defined as:
   any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ...

U.S.C. § 1692f.[2] A single violation of § 1692e or § 1692f is sufficient to establish civil liability under the FDCPA. See 15 U.S.C. § 1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter").

In determining whether challenged debt collection activity violates § 1692e, we must apply the "unsophisticated consumer" test as enunciated in *Gammon v. GC Serv. Limited Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). In *Gammon*, the Seventh Circuit adopted the "unsophisticated consumer" as the "hypothetical consumer whose reasonable perceptions will be used to determine if the collection messages are deceptive or misleading." *Id.* This objective unsophisticated consumer standard protects consumers who are "of below average sophistication or intelligence" or are "uniformed, naive or trusting" while at the same time "shielding complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id.* In his concurrence in *Gammon*, Judge Easterbrook defined the parameters of this threshold showing: "the plaintiff will have to show that a significant fraction of the letters' addressees were deceived—for if showing a handful of misled debtors were enough, we would as a practical matter be using the 'least sophisticated consumer' doctrine." *Id.* at 1260 (Easterbrook, J., concurring). However, this does not mean that a plaintiff is always required to empirically demonstrate that a significant number of the letter's addressees were in fact deceived in order to establish a violation of § 1692e. *Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir.1996).

■ It is true that the unsophisticated consumer is assumed to be a "reasonable" person, *Gammon*, 27 F.3d at 1257. On this basis, defendants suggest that the standard for evaluating false and misleading statements must be ratcheted up (or down) to conform to the reasonable perceptions of a consumer standing in the position of the plaintiff "at the time he engaged in the transaction that resulted in the need to collect a debt from him"—in this case, a person sophisticated enough to negotiate a mortgage and purchase a home (Def. Reply, at 4–5). However, we find no support in the case law for this proposition. To the contrary, courts have consistently found that debtors who claim to have been deceived by collection letters are governed by a uniformly low standard. *See Avila*, 84 F.3d at 227; *Young v. Meyer & Njus*, 953 F.Supp. 238, 239–40 (N.D.Ill.1997); *Vaughn v. CSC Credit Services, Inc.*, No. 93–C–4151, 1995 WL 51402, at *2 (N.D.Ill. Feb.3, 1995). Contrary to defendant's contention that the reasonable consumer in this case should be endowed with a heightened level of business savvy, our benchmark remains the "unsophisticated consumer," who "while not at the bottom rung of the ladder, is still unsophisticated—uninformed, naive, trusting, possessing below average intelligence." *Vaughn*, 1995 WL 51402, at *2.

Pursuant to this standard, plaintiff claims that Fisher's collection letter is false, deceptive, and misleading in the following ways. First, plaintiff makes several related claims that the letter misrepresents the options a homeowner has in response to the foreclosure. The letter states in relevant part:

This foreclosure could result in the mortgage lender taking title to your property in approximately 7 months. During that time you may be allowed to stay in the house absolutely rent free. In addition, you have the right to save your house from foreclosure by either catching up your loan or by paying off the total mortgage debt through sale, refinancing or otherwise.

(Compl.Ex. C). According to plaintiff, this portion of the letter purports to give the homeowner salutary advice which has the insidious effect of lulling him into inaction in order to facilitate foreclosure. Specifically, plaintiff argues that the letter crucially fails to advise the homeowner to file an answer or other pleading in response to the foreclosure complaint. Instead, the letter gives the general impression that unless the homeowner

---

15 U.S.C. § 1692a(6).

**2.** This section also contains a non-exhaustive list of specific violations, but since plaintiff here only alleges that the collection letter contravenes the general proscription against the use of "unfair or unconscionable means," we will not address these specific provisions.

can come up with the money to "catch up" his loan or "pay off" the total mortgage debt, the only other alternative is to stay in the house "rent free" for seven months pending foreclosure. The letter fails to advise the homeowner of viable alternatives such as contesting the foreclosure, asserting affirmative defenses, or filing bankruptcy. If relied upon, Fisher's representation that it may be permissible to do nothing for seven months could be extremely damaging since the homeowner would risk a default judgment by not filing an answer to the foreclosure complaint, and would be unable to redeem or reinstate his mortgage after the seven months have elapsed. *See* 735 ILCS 5/15–1602 & 1603.

Plaintiff claims that this portion of the letter constitutes a violation of § 1692e generally and § 1692e(10) because it misleads the homeowner regarding his options in connection with debt collection, thus promoting debtor default and making it easier for Fisher to foreclose mortgages. Additionally, plaintiff contends that the letter violates § 1692e(15) by falsely implying that no action is required by the homeowner in response to the letter. Since the letter is mailed on the same day that the foreclosure complaint is filed, plaintiff contends that it is deceptive to fail to inform the homeowner that it is necessary to promptly file a responsive pleading in the foreclosure proceedings. Finally, because it is unfair and unconscionable to mislead consumers about their legal rights, plaintiff argues that the letter violates § 1692f.

The defendant responds that the alleged false representations simply do not exist in the letter and that the court should find that the letter complies with the FDCPA as a matter of law. Specifically, defendant argues that plaintiff's claims rest on a strained interpretation of the letter which is based on misleading implications rather than on actual misrepresentations. Instead of limiting a homeowner's options in the manner described by plaintiff, defendant contends that the letter informs the homeowner that he has several options which include: "(1) 'catching

up your loan'; (2) 'paying off the total mortgage debt through sale, refinancing, or otherwise'; (3) 'dispute the validity of all or any part of it [the debt]'; (4) 'notify us [Fisher] in writing that you dispute all or a portion of the debt'; and/or (5) 'request the name and address of the original creditor....'" (Amended Mot. for Summary Judgment at 8–9).[3] Further, by indicating that the validity of the debt must be disputed "within 30 days," the letter properly alerts homeowners that they must take immediate action.

■ Essentially, defendant here argues that the inclusion of the statutorily required debt validation notice, *see* 15 U.S.C. § 1692g, adequately informs homeowners that prompt action is required in response to the foreclosure and therefore plaintiff's contention that the letter induces homeowners to sit on their hands is without merit. We acknowledge that Fisher properly includes the required notice in its letters, notifying the debtor that he has 30 days to dispute the validity of the debt. However, courts have recognized that communications by debt collectors may violate the FDCPA even though they literally satisfy the notice requirements. *See, e.g., Avila,* 84 F.3d at 226; *Gordon v. Fink,* No. 93–C–4152, 1995 WL 55242, at *2 (N.D.Ill. Feb.8, 1995); *Vaughn,* 1995 WL 51402, at *3 The standard for determining when an otherwise complying notice constitutes a violation of the FDCPA was set forth in *Swanson v. Southern Or. Credit Serv.,* 869 F.2d 1222, 1225 (9th Cir.1988):

> The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor.... Furthermore, to be effective the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency.

While this standard relates to whether a letter specifically violates § 1692g, we find it relevant here for the purposes of demonstrating that the inclusion of the notice does

---

**3.** The letter also notifies the debtor that "you have the right to save your house from foreclosure by either catching up your loan or by paying

off the total mortgage debt through sale, refinancing, or otherwise" (emphasis added). (Def. Reply at 8).

not absolve the debt collector of responsibility for ensuring that the letter accurately represents the consumer's ability to contest a debt. Similarly, we find that defendant here cannot hide behind the validation notice to argue that the letter is not false or misleading under § 1692e if other portions of the letter would deceive or confuse an unsophisticated homeowner regarding his legal rights and the appropriate responsive action.

■ It is conceivable that positioning the validation notice at the bottom of the page after stating that the homeowner "may be allowed to stay in the house absolutely rent free" for seven months may create an ambiguity and inconsistency that misleads an unsophisticated consumer about his options. *See, e.g. Tolentino v. Friedman*, 833 F.Supp. 697, 701 (N.D.Ill.1993). However, at this point, we conclude that whether the language at issue misrepresented a homeowner's options in response to impending foreclosure proceedings or sent mixed messages which would have confused an unsophisticated consumer is a question of fact that cannot be resolved on this motion for summary judgment. Although the implications drawn from the language may be actually misleading, the tentative manner in which defendants offer the advice does not rise to the level of explicit deception warranting our finding a violation of the FDCPA as a matter of law. *See Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F.Supp. 1148, 1155 (E.D.N.Y.1996). The letter states that the homeowner "*may* be allowed to stay in the house absolute rent

free" and that he "has *the right*" to save the house by catching up on his loan (emphases added). This language leaves open the possibility that options are available to the debtor other than those explicitly detailed. Nonetheless, such language could reasonably lead a trier of fact to find that the unsophisticated consumer would be misled by the advice into foregoing his right to dispute the debt. Therefore, we find that defendant's motion and plaintiff's cross-motion for summary judgment under §§ 1692e & f are denied.[4]

■ Plaintiff's second claim is that the letter misrepresents the legal status of the debt in violation of § 1692e(2)(A) by falsely stating the homeowner owes attorney's fees before it has even been determined that the lender is legally entitled to foreclose. Specifically, the letter states that the amount of plaintiff's "outstanding debt is $59,044.85 (principal balance) plus interest, advances and attorneys' fees and costs." (Compl.Ex. C). Plaintiff contends that this representation creates the inaccurate impression that attorneys' fees are currently owed as a component of the debtor's total obligation. Defendant responds that the letter does not falsely represent the amount of the debt, but rather merely recites the amount owed as expressly authorized in the mortgage documents.[5] Therefore, according to defendant, we should hold that this portion of the letter does not violate the FDCPA as a matter of law.

---

4. Defendant also argues that it is under no obligation pursuant to the FDCPA to detail in its debt collection letter a list of every conceivable option available to debtors and therefore plaintiff's arguments are legally unsupported. Plaintiffs respond that while the FDCPA does not dictate what Fisher must tell the homeowner about the foreclosure, if Fisher voluntarily undertakes to give advice, it must give complete and accurate advice. While we find no direct support for this proposition, we find it unnecessary to address this issue since it ultimately begs the question here—whether the "advice" given in the letter was, in fact, misleading. Since we have already found that this is a factual issue inappropriate for determination on summary judgment, we decline to decide whether a creditor assumes a more extensive disclosure obligation by volunteering certain advice in a debt collection letter.

5. In support of this point, defendant cites section 17 of the Mortgage and Section 6(c) of the Note

which both provide for the recovery of attorneys' fees upon default:

> 17. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, lender may foreclose this Security Instrument by judicial proceeding. Lender *shall be entitled to collect all expenses* incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
> 6. BORROWERS' FAILURE TO PAY:
>   (c) Payment of Costs and Expenses—If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses included reasonable and customary attorneys' fees for enforcing this Note.

(Amended Mot. for Summary Judgment at 11).

Looking to the case law, one court has held that a similar debt collection letter which falsely implied that attorneys' fees and court costs were presently due when, in fact, court proceedings had not yet commenced, violated § 1692e(2)(A). *Johnson v. Eaton,* 873 F.Supp. 1019, 1026 (M.D.La.1995).[6] In that case, the court based its decision on the fact that the letter was misleading with respect to the time the obligation to pay court costs vested, since the letter indicated a present obligation while simultaneously stating that a lawsuit was going to be filed in seven days. *Id.* at 1026. Similarly, here the letter clearly states, in the present tense, that plaintiff owes attorneys' fees despite the fact that fees are only collectible pursuant to a final judgment in favor of the lender which has not yet occurred. Like the letter in *Johnson,* this representation may mislead an unsophisticated consumer into believing that attorneys' fees have already been assessed against him and that his debt has grown beyond the amount owed under the mortgage, making repayment appear even more difficult. On this basis, we cannot find that the letter is so patently clear regarding the status of the debt as to warrant summary judgment in favor of the defendant.

However, despite the similarity with *Johnson,* we are also not prepared to definitively find on this motion for summary judgment that the Fisher's letter is facially deceptive in violation of § 1692e(2)(A). It is significant distinction that the court in *Johnson* was evaluating the deceptive nature of the letter under the less stringent "least sophisticated consumer" standard. While this standard may not differ dramatically from the "unsophisticated consumer" standard we are obli-

gated to apply here, *see Avila,* 84 F.3d at 227, it does theoretically ratchet up the level of transactional knowledge we must impute to a debtor in this circumstance. With this in mind, we note that the letter here does indicate that a lawsuit has been filed and the mortgage contract does clearly authorize the collection of attorneys' fees pursuant to a foreclosure proceeding. As a result, it is arguable whether a debtor in plaintiff's position could have understood that the obligation listed in the letter included hypothetical costs contractually recoverable pursuant to a final judgment in the foreclosure proceeding. Therefore, we find that it is a disputed issue of fact whether the form of the letter and the statement about the plaintiff's total obligation including attorneys' fees were false representations or misleading as to the legal status of the debt. Both parties' motions for summary judgment are denied.

■ Finally, plaintiff argues that the letter violates §§ 1692e & f by failing to advise homeowners to seek independent legal advice. The crux of this claim is that defendant's failure to suggest independent representation combined with its attempt to offer advice created the false impression that Fisher was looking out for the best interests of the debtors when, in fact, it was only seeking to collect on behalf of the mortgage company. Plaintiff contends that Fisher purported to give disinterested advice to debtors unrepresented by counsel and in so doing, attempted to represent both parties to a lawsuit in violation of both the FDCPA and the rules of professional conduct. *See Model Rules of Professional Conduct* Rule 4.3, Comment.[7]

---

**6.** The letter stated: "Your total obligation includes interest, court costs and attorney's fees in addition to the $3,507.60 currently due." *Johnson,* 873 F.Supp. at 1025.

**7.** In his deposition, Barry Fisher, a partner at Fisher and Fisher, concedes that the letter was designed to help the debtors:

Years of experience with hundreds of homeowners had indicated to me that an unsophisticated homeowner, borrower tends to panic when they receive a foreclosure complaint through a sheriff or special process server. They believe that in many instances the sheriff will come out the next day and put them in the street. They are terrified and alone and sub-

ject to prey by unscrupulous parties out in the real world who send them dozens and dozens, literally dozens and dozens of letters soliciting business to help them save their home....

And people call me day after day after day and have for 30 years tearfully asking what their future holds for them because of the filing of a foreclosure action . . . . .

This letter was formulated to give the same assurance to people that were in foreclosure. It was sent out the day the foreclosure was filed in the hopes that it would be received by them before the summons got to them, so that they would not go through this emotional trauma and would assist them in knowing there are ways to save their home.

Defendant rejoins that the specific information required to be provided by a debt collector is explicitly set forth in § 1692g. No where in that provision is a debt collector required to advise the consumer to seek independent counsel. While this is true, it has no bearing on whether, once the collector decides to render legal advice, it is deceptive in violation of § 1692e for the collector to purport to represent the best interests of the debtor, especially when the collector's advice may induce the debtor to fail to seek out more advantageous options. It is true Fisher complies with § 1692g by stating that the letter "is an attempt to collect a debt" and that "any information obtained will be used for that purpose." (Compl.Ex. C). However, the question is whether an unsophisticated consumer would understand that the law firm sending the letter is interested only in collecting the debt on behalf of the lender when it simultaneously offers concerned counsel to the debtors.

The defendant asserts that it is not reasonable to assume that an unsophisticated consumer would believe that the law firm filing the foreclosure lawsuit would represent anyone other than the lender. Plaintiff contests this assertion empirically, noting that Fisher regularly receives hundreds of calls from debtors who erroneously believe that the law firm is there to help them. (P1. Cross–Mot. Ex. 2 at 81).

We find that whether Fisher misrepresents its interest in the foreclosure proceeding in a way that is false, misleading, unfair, or unconscionable is not susceptible of resolution on summary judgment. The reasonableness of a debtor's perception regarding Fisher's interest in the foreclosure is a disputed issue of material fact. Fisher does state in the first sentence of the letter that a foreclosure proceeding has been filed by its office against the letter's recipient. (Compl.Ex. C). Thus, plaintiff cannot contend that there was an intentional and overt effort to conceal the fact that Fisher was working on behalf of the lender that would warrant our finding a violation of the FDCPA as a matter of law. Nonetheless, we

(P1. Cross–Mot. Ex. 2 at 81–82).

think that there is a sufficient factual basis for a reasonable trier of fact to find that Fisher's attempt to render helpful advice could prove misleading to a consumer of below average intelligence who may believe that the law firm is looking out for his best interests. Defendant's bare allegation to the contrary does not suffice to carry its burden on summary judgment. As a result, we are obliged to find that a genuine issue of material fact exists and that summary judgment for either party is inappropriate.

We do make the following observation in connection with this claim. While mortgagors may not always seek independent counsel, they may have immediate concerns, such as the effect of foreclosure on their wages or credit rating, which may cause them to contact the lawyers for the lender. Under these circumstances, it is reasonable for debt collector such as Fisher to anticipate these questions and attempt to address them in good faith in a letter to mortgagors. It is clear from the affidavits submitted that the letter in this case is designed to assuage debtors' fears regarding the imminency of foreclosure and its consequences. It may be that by representing itself as concerned about the homeowner, Fisher falsely creates a sense of impartiality that makes it easier for it to take advantage of unsophisticated homeowners during the foreclosure process in violation of § 1692e. However, insofar as the letter is simply an legitimate attempt to help homeowners that has the unintentional consequences described by plaintiff, we note that damages under the FDCPA would be limited accordingly. *See* 15 U.S.C. § 1692k(b)(1) & (b)(2).

### B. Violation of § 1692c(a)(2)

■ Blum also argues that in his particular case, the collection letter from Fisher violates § 1692c(a)(2) of the FDCPA which prohibits a debt collector from directly communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt...." 15 U.S.C. § 1692c(a)(2).[8] It is not disputed

8. The full text of this section reads in relevant part as follows:

**1228**

that Fisher received two letters dated January 24, and February 27, 1996 which indicated that plaintiff had retained Beller, Schad & Diamond to represent him in the foreclosure proceedings. (Compl.Ex. B). It is also undisputed that in the February 27 correspondence, plaintiff's attorney requested that the foreclosure complaint be directed to the law firm which would accept service on plaintiff's behalf. (Compl.Ex. B). In fact, Fisher concedes that Blum was represented by counsel and acknowledges that § 1692c(a)(2) generally proscribes communications such as that contained in the March 26 letter to Blum.

However, Fisher argues that its letter was authorized under the exception to § 1692c(a)(2) which permits direct communications where the debtor's attorney "fails to respond within a reasonable period of time to a communication from the debt collector." In support of this argument, Fisher points to the affidavit of Elizabeth Kaplan, a Fisher attorney, in which she states that on February 27, 1996 she informed Blum's attorney of the amount required to be paid in order to reinstate Blum's mortgage through March 10, 1996. (Amended Mot. for Summary Judgment Ex. 3 ¶ 5). Defendant argues that the passing of 30 days without a response to Fisher's request for the reinstatement amount was a reasonable period of time under § 1692c(a)(2) and therefore Fisher was authorized to make the direct communication to Blum.

■ In response, plaintiff contends that one month was not a sufficient amount of time to permit the direct communication under § 1692c(a)(2). Since a homeowner is given 90 days under the Illinois Mortgage Fore-

closure Act to reinstate his mortgage, 735 ILCS 5/15–1602, Blum argues that he had at least this much time to respond to Fisher. Because the statute does not specify what constitutes a "reasonable" and because the sparse case law on this subject does not provide clear guidance, *see e.g. Phillips v. Amana Collection Servs.*, No. 89–C–1152S, 1992 WL 227839, at *6 (W.D.N.Y. Aug.25, 1992) (holding that a debtor's failure to respond within two weeks to a debt collection letter did not warrant direct communication under the FDCPA), we find that the reasonableness of the one month time period in this case is a disputed issue of material fact. Therefore, the parties' summary judgment motions regarding whether or not Fisher's March 26, 1996 letter to Blum violated § 1692c(a)(2) are denied.[9]

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment are denied.

---

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer ...
15 U.S.C. § 1692c(a)(2).

**9.** Fisher argues that it was required to send the March 26 letter directly to Blum under § 1692g which states that a debt collector shall "send the consumer" a written debt validation notice. 15 U.S.C. § 1692g. However, in order to read § 1692g consistently with § 1692c(a)(2), it is necessary to interpret § 1692g as permitting the validation notice to be sent to a consumer's attorney, when the debt collector knows of the representation. This reading would reconcile the two sections and comport with the general common law rule that notice to a party's attorney constitutes proper notice to the party. *Burton v. Estrada*, 149 Ill.App.3d 965, 103 Ill.Dec. 233, 501 N.E.2d 254 (1986).